IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CLARICE J. SANCHEZ,

    Plaintiff,

v.                                    Civ No. 07-706 LH/DJS

TOM VILSACK,
Secretary, United States
Department of Agriculture,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Tom Vilsack's Motion to Dismiss for Failure to Prosecute (Doc. 32), filed April 2, 2010. The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that the motion is not well-taken and should be **denied**.

## I. BACKGROUND

Plaintiff filed her Complaint on July 24, 2007, alleging disability discrimination and retaliation. Plaintiff sought and was granted an extension of time for effecting service until December 14, 2008. However, Defendant was not served until January 31, 2008. Defendant answered Plaintiff's Complaint on March 31, 2008.

An initial Rule 16 Conference was held on June 10, 2008, and a Scheduling Order was entered on June 17, 2008. Under the Scheduling Order, discovery was to be completed by October 24, 2008. Thereafter, Plaintiff sought and was granted an extension of time, until September 8, 2008, to submit her expert witness reports.

On September 10, 2008, Plaintiff filed an Unopposed Motion to Stay Case, because she was awaiting the final agency decision on a second, related discrimination complaint. Plaintiff

represented that the parties were in agreement that, because of the similarity of the claims, litigating them collectively would be more efficient.  The Court granted Plaintiff's request and stayed the matter pending the issuance of the final agency decision on the secondary complaint.  The Court's Order provided that Plaintiff would be afforded "a reasonable opportunity to amend the complaint . . . to include the claims exhausted in that administrative complaint."  (Doc. 32, at 1.)

The final agency decision on the second discrimination claim was issued on February 3, 2009, well after the 60-day time period allowed.  *See* 29 C.F.R. § 1614.110(b) ("The agency shall issue the final decision within 60 days of receiving notification that a complainant has requested an immediate decision from the agency . . . The final action shall contain notice of . . . the right to file a civil action in federal district court.").  Plaintiff received the final agency decision on February 20, 2009, and filed a Motion for Leave to File her Amended Complaint on May 20, 2009, 89 days later.  Plaintiff's proposed Amended Complaint, which was attached as Exhibit 1 to her motion to amend, added a count for hostile work environment.  Defendant opposed Plaintiff's motion on the basis of "unreasonable delay," lamenting that Plaintiff had waited nearly the entire 90 days within which she had to file the amendement.  The Court, however, granted Plaintiff's motion to amend over Defendant's objection, without specifying a deadline for the filing of the Amended Complaint.  Plaintiff filed her Amended Complaint eight months later, on April 4, 2010, Defendant's Motion to Dismiss for Failure to Prosecute having been filed in the interim.

Thereafter, a Joint Status Report and Provisional Discovery Plan was entered on June 3, 2010, and adopted by the Court on June 8, 2010.  The Court also issued a Scheduling Order on June 8, 2010, setting a discovery deadline of November 5, 2010 and a dispositive motions

deadline of December 6, 2010. To date, neither party has requested a continuance of these deadlines or has suggested that significant future delay is likely.

## II. ANALYSIS

Defendant argues that a more than three-year delay in the proceedings has prejudiced his ability to defend the matter, noting that some of the allegations contained in Plaintiff's original complaint occurred as early as January 2003. Defendant outlines various delays by Plaintiff, including a delay in effecting service, but, primarily, Defendant complains that Plaintiff did not timely file either her motion to amend or her Amended Complaint. Plaintiff's counsel, on the other hand, suggests that any delay in the filing of the Amended Complaint resulted from inadvertent mistake on her part concerning local procedures or, at most, excusable neglect, neither of which warrant the severe sanction of dismissal.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal for lack of prosecution "is within the trial court's sound discretion." *S.E.C. v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974). There is no precise rule as to which circumstances will justify a dismissal for failure to prosecute; instead, courts must examine the procedural history of each individual case to make a determination. *Id.* at 298. The factors to be considered by the courts in reaching this determination include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). Dismissal is warranted when "the

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007). In *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988), the Tenth Circuit noted that "[d]ismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances. Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Id.*

Applying the *Ehrenhaus* factors, the Court concludes, first, that while there may have been some prejudice to Defendant as a result of the lack of progress in litigating this case to date, it remains relatively slight. Defendant certainly has a legitimate interest in bringing the matter to closure within a reasonable time. Likewise, the Court acknowledges that the memories of witnesses do tend to dim over time and that in this case many of the facts alleged in Plaintiff's Amended Complaint occurred many years ago. However, Defendant's concern over lost witnesses and forgotten testimony is mitigated, at least in part, by the opportunity that Defendant had to obtain sworn statements through participation in the administrative phase of the case. Additionally, according to the Joint Status Report and Provisional Discovery Plan filed on June 3, 2010, only one of Defendant's intended witnesses is no longer employed by it, and there is no indication that Defendant will have difficulty locating that now-retired witness. Finally, this is not a case where Defendant has been inconvenienced by delay after trial preparations were underway. *Cf. Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (concluding that the defendant was prejudiced by the plaintiff's failure to prosecute her case where defendant had already conducted trial preparations); *In re Baker*, 744 F.2d 1438 (10th Cir. 1984) (en banc) (noting that the plaintiff and third party defendant's delay in deposing a witness forced the court to postpone the trial where the date was set and the jury planned). Defendant

4

readily admits in his reply brief that "essentially nothing has happened in this case in preparation for trial." (Doc. 38, at 5.)

Next, the Court considers the amount of interference with the judicial process that has been caused by the delay in trying this case. As a preliminary matter, the Court notes that, because of the robust administrative process required in federal employment discrimination cases, a delay of more than three years in disposing of a matter that was stayed pending the exhaustion of related claims is not unheard of. Additionally, the timeliness of Plaintiff's motion to amend was previously addressed by this Court in its July 29, 2009 Memorandum, Opinion, and Order, in which the Court concluded that Plaintiff's motion was timely and would not be denied in the absence of a showing of bad faith and undue delay. (Doc. 23, at 3.) As noted in its previous Order, Plaintiff filed her motion to amend *within* the 90-day jurisdictional requirement proscribed by 29 C.F.R. § 1614.407. At the time it entered its ruling on the issue, the Court did not consider the timing of Plaintiff's motion to amend to be unreasonably detrimental to an efficient judicial process, nor does it now.

With regard to Plaintiff's eight-month delay in formally filing her Amended Complaint, any interference with the judicial process was certainly minimized by the fact that the proposed Amended Complaint was made a part of the record, as an exhibit to Plaintiff's motion to amend. As such, the yet-to-be-formally-filed amended pleading was available to the Court and Defendant alike as of May 5, 2009, and Defendant had notice of all of Plaintiff's claims as of that date. Moreover, the Court did not direct Plaintiff in its July 29, 2009 Order to file her amended complaint by a certain deadline, (*see* Doc. 23), and considering the silence of the local rules on this matter, the Court is somewhat sympathetic to the predicament of Plaintiff's out-of-

5

state counsel regarding the local practice of attorneys filing their own amended pleadings.[1]

Third, the record does not support the conclusion that Plaintiff herself has shared any culpability in the alleged delay in prosecuting the present case, perhaps with the exception of a slight delay in effecting service. Moreover, the Court finds only minimal culpability on the part of Plaintiff's counsel. Plaintiff's counsel explains that the delay in the filing of the Amended Complaint was the result, initially, of an inadvertent mistake on her part concerning the filing rules for this district, which was then compounded by preparations for trial in another matter and a long-standing medical condition requiring surgery and significant time away from work. The Court concludes that the delay by Plaintiff's counsel is less flagrant than in other cases that have justified dismissal. *See, e.g., Rogers*, 502 F.3d at 152-53 (upholding dismissal where plaintiff did not prosecute action for almost two years and counsel did not alert the court that his client was incarcerated); *Food Basket, Inc. v. Albertson's, Inc*., 416 F.2d 937 (10th Cir. 1969) (affirming the trial court's dismissal under Fed. R. Civ. P. 41(b), where, after more than seven months, counsel for Plaintiff had taken no action to amend the complaint, despite a mandate suggesting that an amendment was necessary, and offered no reasonable explanation or excuse for the inaction).

In *Davis v. Miller*, 571 F.3d 1058 (10th Cir. 2009), the Tenth Circuit reversed the trial court's dismissal of an action under Fed. R. Civ. P. 41(b), even though counsel for the plaintiff missed five court-imposed deadlines for filing an amended petition. *Id.* at 1060. There, counsel claimed that computer problems and a family medical crisis had exacerbated his lack of diligence in amending his client's pleading. *Id.* The Tenth Circuit found the dismissal of the

---

[1] At the same time, the Court urges counsel for Plaintiff to confer with local counsel or directly with the Court on future issues that may arise concerning local procedural practice.

case to be an inappropriate sanction "because [the client] was not at fault and because the record [did] not support a conclusion that counsel's action rose to the level of 'willful misconduct.'" *Id.* at 1063. If dismissal was inappropriate in *Davis*, it is certainly inappropriate here, where Plaintiff's counsel has not missed explicit deadlines for the filing of the amended complaint and has offered relatively compelling justifications for her delay.

Significantly, the Tenth Circuit has admonished lower courts to "impose the sanction where the fault lies . . . If the fault lies with the attorneys, that is where the impact of the sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *Davis*, 571 F.3d at 1061; *see also In re Baker*, 744 F.2d at 1440, 1442. Because the culpability of Plaintiff herself is slight, if not absent, this factor weighs heavily against dismissing the action and foreclosing a resolution on the merits.

The Court also notes that Defendant is not blameless with regard to delay in this matter. Plaintiff requested a final agency decision on a second, related discrimination complaint on February 9, 2008, and a month later the administrative judge directed Defendant to issue a final agency decision.[2] Yet it took Defendant nearly a year to issue its final agency decision, well beyond the 60 days allowed by statute. *See* 29 C.F.R. § 1614.110(b). Defendant readily concedes that its final agency decision was not issued "in a timely manner." (Doc. 38, at 2.) Indeed, at least one-third of the three-year period of delay in litigating this matter was directly attributable to Defendant. Additionally, the Court finds Defendant's delay to be more egregious than Plaintiff's delay; after all, unlike Defendant, Plaintiff acted *within* the statutory period when

---

[2] In the meantime, Plaintiff moved the Court to stay this action pending a final agency decision in the secondary complaint, so that she could amend her complaint to include the additional claim once exhausted.

she filed her motion to amend.

Fourth, this Court has not offered any warning to Plaintiff that it might dismiss her case for failure to prosecute. To date, the Court has only addressed Defendant's position on the issue of delay in the context of granting Plaintiff's motion to amend her complaint over Defendant's objection of untimeliness. Although a warning is not a sine qua non for dismissal, that the Court has not issued a warning of impending dismissal weighs in favor of denying Defendant's request for such a drastic remedy.

Finally, with respect to the efficacy of lesser sanctions, Defendant's only alternative request for sanctions is to strike Plaintiff's Amended Complaint, effectively eliminating her hostile work environment claim. As with Defendant's primary request, the Court does not find this similarly drastic sanction to be warranted under the circumstances. Defendant has not requested another alternative sanction, and no appropriate lesser sanction occurs to the Court.

## III. CONCLUSION

Having considered 1) the degree of actual prejudice to Defendant; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions, the Court finds none of the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.

**IT IS THEREFORE ORDERED** that Defendant Tom Vilsack's Motion to Dismiss for Failure to Prosecute is hereby **denied**.

_____
SENIOR UNITED STATES DISTRICT JUDGE