## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

CLARICE J. SANCHEZ,

       Plaintiff,

v.                                  No. Civ. 07-706 LH/DJS

TOM VILSACK,
Secretary, U.S. Department of Agriculture,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

On March 26, 2013, Plaintiff Clarice J. Sanchez filed a Motion to Reinstate her Hostile Work Environment Claim (Doc. 105). Defendant opposes the motion, based on law of the case, arguing that the hostile work environment claim has been dismissed, the Tenth Circuit determined that Plaintiff waived her appeal of the dismissal of the hostile work environment claim, and thus, this Court cannot reinstate the claim. The Court, having considered the motion, briefs, arguments, and relevant law, concludes that Plaintiff's motion should be granted and the hostile work environment claim reinstated.

## I.    INTRODUCTION

Plaintiff, at the times relevant to the complaint, was a National Forest Service secretary. On January 14, 2003, she fell down a flight of stairs at work, resulting in irreversible brain damage that caused the complete loss of her left field vision in both of her eyes. She alleges that, following her injury, she requested a hardship transfer to accommodate her disability. She asserts in Count I of her complaint that Defendant discriminated against her when he denied her request for a hardship transfer in violation of the Rehabilitation Act, 29 U.S.C. § 791. In Count II of her

complaint, Plaintiff alleges that Defendant, in violation of Title VII, refused to provide reasonable accommodation for her disability in retaliation for her having provided witness statements during the period from 1999 to 2003 for four other co-workers who had filed discrimination complaints.  On April 4, 2010, Plaintiff amended her complaint to add a third count for hostile work environment against Defendant for allowing her supervisor to repeatedly and continuously harass her because of her disability in violation of the Rehabilitation Act.

## II.    PROCEDURAL BACKGROUND

On April 13, 2011, this Court entered a Memorandum Opinion and Order (Doc. 90) granting Defendant's motion for summary judgment and dismissing all the claims in the case. This Court concluded that Plaintiff's impairment did not rise to the level of a "substantial" visual impairment under the Act, and thus, she was not disabled within the meaning of the Rehabilitation Act.  Mem. Op. and Order (Doc. 90) at 22-24.  The Court therefore granted Defendant summary judgment on both Count I, the failure to accommodate claim, and Count III, the hostile work environment claim.  *Id.* at 24.  The Court further stated:  "The Court therefore has no need to resolve Defendant's alternate argument that Plaintiff cannot show that she was entitled to a transfer as a reasonable accommodation."  *Id.*  The Court granted Defendant summary judgment on Count II, her Title VII retaliation claim, because Plaintiff had not shown the requisite causal connection between her prior EEO activity and the alleged adverse action to survive summary judgment.  *Id.* at 25.

Plaintiff filed a timely notice of appeal from the final order dismissing the case.  *See* Notice of Appeal (Doc. 92).  On September 19, 2012, the Tenth Circuit Court of Appeals reversed this Court's decision, holding that Plaintiff had raised a genuine issue of material fact regarding her disability.  *Sanchez v. Vilsack*, 695 F.3d 1174, 1176 (10th Cir. 2012).  Defendant

alternatively argued on appeal that this Court's decision should be affirmed because the Rehabilitation Act does not contemplate transfer accommodations for employees who require medical treatment where they are able to perform the essential functions of their jobs. *Id.* at 1180. The Tenth Circuit disagreed, concluding "that a transfer accommodation for medical care or treatment is not per se unreasonable, even if an employee is able to perform the essential functions of her job without it." *Id.* at 1182. The Tenth Circuit left open the factual questions as to whether reassignment was necessary for Plaintiff to access treatment and whether the requested accommodation imposed an undue burden on her employer. *See id.* The opinion did not address Plaintiff's Count II Title VII retaliation claim. As to Count III, the Tenth Circuit noted in a footnote: "Although Sanchez states that she is appealing from the district court's grant of summary judgment on her hostile work environment claim, she does not address this claim specifically in her brief. Thus, this argument is waived." *Id.* at 1177 n.1. The Tenth Circuit reversed and remanded the matter for further consideration consistent with this opinion. *Id.* at 1182.

After the Tenth Circuit issued its mandate, Plaintiff filed a motion to reinstate the hostile work environment claim (Count III). Plaintiff contends that, because this Court based dismissal of Count III on the erroneous ruling that Plaintiff was not disabled as a matter of law, the Court should reverse its decision under both the law of the case doctrine and the mandate rule. Defendant argues that, under the law of the case, Plaintiff has waived her hostile work environment claim and the Court should not reinstate it.

## III.    ANALYSIS

According to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."

*Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001).  A decision by an appellate court establishes the law of the case and ordinarily must be followed by the trial court on remand.  *Id.*  The purpose of the doctrine is to prevent continued re-argument of issues already decided, and thus, to preserve court resources.  *Id.*  However, "only matters actually decided, explicitly or implicitly, become law of the case."  *Wilmer v. Bd. of County Com'rs of Leavenworth County*, 69 F.3d 406, 409 (10th Cir. 1995).  Consequently, the Tenth Circuit has clarified:

> Law of the case principles do not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded. Thus, when a dispositive procedural deficiency has obviated or deflected consideration of the underlying merits of a claim, the law of the case doctrine does not reach through that procedural ruling to enshrine a substantive determination never in fact made.

*Id.* (internal citations and quotations omitted).

The mandate rule is an important corollary to the law of the case doctrine and provides that a district court must strictly comply with the mandate rendered by the appellate court. *Huffman*, 262 F.3d at 1132.  Accordingly, a district's court authority is circumscribed by the terms of the mandate and the law of the case doctrine, but neither rule is jurisdictional.  *Id.* at 1133.  Exceptions exist to both rules when (1) controlling authority changes; (2) significant, new evidence comes to light; or (3) the decision was clearly erroneous and would result in a manifest injustice if not corrected.  *See id.*

Here, the Tenth Circuit ruled on the merits of whether Plaintiff was disabled as a matter of law, reversing this Court's prior determination.  The Tenth Circuit, however, determined that Plaintiff had waived her appeal of the hostile work environment claim, Count III, by not addressing the claim specifically in her brief.  The Tenth Circuit decision thus only ruled on the merits of Count I of the Amended Complaint.  A procedural deficiency obviated the need to

4

consider the merits of Count III, and thus the Tenth Circuit made no substantive decision regarding Count III.  In this circumstance, according to *Wilmer*, the law of the case doctrine does not apply to bar this Court from reconsidering its prior dismissal of Count III.  Because the law of the case doctrine does not apply, the Court does not need to consider whether any of the exceptions to the rule are met here.

Nor does the mandate rule circumscribe this Court's authority to reconsider its dismissal of Count III.  The mandate is broadly worded reversing this Court's order granted summary judgment and remanding for further consideration consistent with the opinion.  On the merits, the Tenth Circuit ruled that a question of fact exists as to whether Plaintiff is disabled.  The Tenth Circuit did not consider the hostile work environment claim, and thus, the mandate does not preclude this Court from reconsidering the merits of that issue on remand.  *See Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1125 (10th Cir. 2003) (explaining that, when the remand is general, "the district court is free to decide anything not foreclosed by the mandate"); *Roane v. Koch Industries, Inc.*, 103 F.Supp.2d 1286, 1290 (D. Kan. 2000) (holding that non-discretionary mandate rule did not bar district court from revisiting choice-of-law issue where Tenth Circuit found that defendants had waived issue on prior appeal).

In light of the Tenth Circuit's ruling on the merits of the disability issue, fairness and the substantive law requires this Court to reconsider and reverse its prior decision dismissing the hostile work environment claim.  To enshrine this Court's erroneous substantive decision based on a procedural technicality on appeal would work an injustice on remand.  Rather, the Court will follow the substantive decisions rendered by the Tenth Circuit in a consistent manner with respect to all claims brought in this case.

**IT IS THEREFORE ORDERED** that

1.      Plaintiff's Motion to Reinstate her Hostile Work Environment Claim (**Doc. 105**) is **GRANTED**; and

2.      **COUNT III**, the hostile work environment claim, is **REINSTATED**.


_____

**SENIOR UNITED STATES DISTRICT JUDGE**